Hitchcock, J.
The decision of this case depends entirely upon matters of fact, and I am not aware that there is any particular principle of law involved. The evidence shows that a deed was executed as charged in the bill; and, although absolute on its face, we are satisfied, notwithstanding the denial of Stewart, that the true object was that it should operate as security for money loaned. It must in equity be held to be a mortgage.
*358 To secure to the mortgagors the right of redemption, Stewart, at the time of the date of the deed, executed to them a bond for five years, containing a condition that upon the payment of a certain sum, at the end of said term, to said Stewart, he would re-convey to them the premises. The nature of this instrument cannot be mistaken. It secured to the mortgagors the right to redeem. But in order to entitle themselves to this privilege, they must, before they could claim the interposition of this Court, have offered to refund the amount loaned, with interest. The complainant stands in no better situation in this respect, than would the original mortgagors. He, too, should have made the same offer. If his object was merely to procure the sale of the equity of. redemption, in pursuance of the 16th section of the Chancery act, this might not be necessary. But the object here, is to compel the sale of the mortgaged premises; and the mortgagee should not be thus compelled to have his security disposed of, until his money is first, offered to him.
But there is another difficulty in the case. Letweller and Morseman, on the 23d of February, 1842, under their hands and seals, assigned and surrendered to Stewart, all their interest in, and under said lease, or contract, which secured to them the right of redemption. This must operate as a relinquishment of their equity of redemption. It is claimed, however, on the part of the complainant, that this instrument was fraudu/en tly procured ; but no testimony is introduced to prove the fraud. We have the testimony of a witness who was present at the exécution of the instrument, and who reduced it to writing, and he testifies that the transaction was fair and bona fide. This puts an end to the case, and the bill is dismissed, at complainant’s costs.